**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22205-CIV-MARTINEZ**

LEONARDO MIRANDA AGUIAR,

Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER,
*Warden, et al.*,

Respondents.
_______________________________/

# ORDER

**THIS CAUSE** is before the Court on Petitioner Leonardo Miranda Aguiar's *pro se* Emergency Motion to Correct the Record and Advise the Court of Petitioner's Current Place of Detention [ECF No. 16] (the "Motion"). In the Motion, Petitioner advises the Court that he is currently "physically detained at the Krome North Service Processing Center in Miami, Florida," and is not in a "detention facility in the State of Texas." (*See id.* 1). He asks the Court to recognize his current detention within this District and, based on that fact, to reassert its jurisdiction over his *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). For the reasons explained below, the Motion is **GRANTED**, and the Petition is **DENIED**.

## I. The Motion

As an initial matter, the Court notes that Petitioner has not followed this District's Local Rules pertaining to Emergency Motions, which require a movant to "set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *See* S.D. Fla. L.R. 7.1(d)(1). They also require the movant to "certify that the

matter is a true emergency by including" a specific "certification before the motion's signature block." *See id.* The Motion did none of those things. Accordingly, the Court will strike the emergency designation, though it will decide the merits of the Motion.

As for the merits, Petitioner filed the Petition on March 31, 2026, while he was detained by U.S. Immigration and Customs Enforcement ("ICE") in this District. On July 6, 2026, the Court transferred the Petition to the Southern District of Texas because ICE's Online Detainee Locator System showed that, as of July 2, 2026, Petitioner was being detained at the Montgomery ICE Processing Center in Conroe, Texas. (*See* Transfer Order [ECF No. 13]). The Court did so because, as it noted in the Transfer Order, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)); *see also Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012). Instead of dismissing the Petition for lack of jurisdiction to adjudicate it, however, the Court exercised its discretion to transfer it to a District that had jurisdiction and could adjudicate it. *See* 28 U.S.C. § 1406(a); *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988).

Now that Petitioner has averred that he is currently detained in this District — a fact the Court confirmed using the Online Detainee Locator System, *see* U.S. Immigr. & Customs Enf't, *Online Detainee Locator Sys.*, https://locator.ice.gov/odls/#/results (last visited July 8, 2026) (showing that a detainee matching Petitioner's name and A number is currently detained at Krome North Service Processing Center) — the Court has jurisdiction over the Petition. *See Padilla*, 542 U.S. at 442; *Garcia*, 470 F. App'x at 736. For that reason, the Court will grant the Motion and adjudicate the Petition.

## II. The Petition

Moving to the Petition, it asserts that Petitioner's prolonged immigration detention violates

his due process rights because "the Supreme Court has recognized only" two valid purposes for civil detention — mitigating the risk of flight and preventing danger to the community — and he "is not either one." (*See* Pet. 6). The Petition also asserts that the Supreme Court authorizes immigration detention "only where" it is significantly likely that removal will occur in the reasonably foreseeable future. (*See id.*). Petitioner asks the Court to require Respondents to explain why he should not be released immediately, either with or without bond. (*See id.* 7).

In response to the Court's show cause order [ECF No. 4] (the "Response"), Respondents explained that Petitioner is "a native and citizen of Cuba who was paroled into the United States" in October 2014 and became a Lawful Permanent Resident that same month. (*See* Resp. 1; R. of Deportable/Inadmissible Alien [ECF No. 7-2] 2). After Petitioner was convicted of Grand Theft in February 2017, however, Customs and Border Patrol ("CBP") "charged Petitioner with removability" in November 2017 because he had been convicted of a crime involving moral turpitude. (*See* Resp. 2). In March 2020, an Immigration Judge entered an *in absentia* removal order against Petitioner and ordered him removed to Cuba. (*See id.*).

After two more arrests for theft crimes and one arrest for drug crimes, ICE revoked Petitioner's release and took him into custody in December 2025. (*See id.* 2–3). On January 26, 2026, ICE gave Petitioner notice that it intended to remove him to Mexico. (*See* Notice of Removal [ECF No. 7-5]). Then, on March 29, 2026, ICE transferred Petitioner to a holding facility in Texas "to effectuate removal to" Mexico. (*See* Decl. [ECF No. 7-4] 3). "The removal to Mexico was not completed," however, because Petitioner failed "to cooperate" by refusing "to exit the vehicle." (*See id.*).

Respondents argue that the Court is without jurisdiction to grant the Petition and order Petitioner's release from ICE custody because that would interfere with "the government's decision or action to execute orders of removal." (*See* Resp. 3); 8 U.S.C. § 1252(g). Respondents

also argue that Petitioner's detention is lawful because he is subject to a final order of removal and "his detention has not exceeded the period held presumptively reasonable in *Zadvydas v. Davis*, 533 US 678, 682 (2001)." (*Id.* 5). Apart from arguing that Petitioner's *Zadvydas* claim is premature, Respondents highlight the fact that his "removal order has not been yet executed due to Petitioner's own actions of refusing to exit the vehicle" when they tried to remove him to Mexico. (*See id.* 6–7). Finally, Respondents argue that, to the extent Petitioner objects to his removal to Mexico, that objection "would be duplicative of the pending class action claims" in another District and "subject to dismissal." (*See id.* 7–8).

In his reply, Petitioner acknowledges that (as of April 9, 2026) he had been detained for only four months, so his *Zadvydas* claim was premature at that time [ECF No. 8] (the "Reply"). Even so, he argues that "Cuba does not accept his deportation, and there is no evidence that removal will occur within a reasonable time." (*See id.*). He also argues he has "serious medical conditions" that are not being adequately treated and managed in detention, and he had a heart attack while he was held in Texas awaiting removal. (*See id.*). About two months after his Reply, Petitioner filed a Motion for Release Due to Prolonged Detention and Serious Medical Conditions, which reiterates his reply arguments and advises the Court that (as of June 16, 2026) his detention has now exceeded the presumptively reasonable 180-day period the Supreme Court approved in *Zadvydas*. (*See* Mot. for Release [ECF No. 11]).

To begin, the Court rejects Respondents' argument that it lacks jurisdiction over the Petition. While Respondents correctly note that § 1252(g) strips courts of jurisdiction over actions "arising from the decision or action by the Attorney General to . . . execute removal orders against any alien," 8 U.S.C. § 1252(g), the Petition is not such an action. Petitioner "does not ask this Court to rule—even indirectly—on the lawfulness of his removal order," nor does he "challenge ICE's ability to detain him in order to deport him." *See Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137,

153 (W.D.N.Y. 2025). Instead, he "challenges ICE's ability to hold him in detention without adequate process for weeks and months on end." *See id.* For that reason, the Petition is well within the Court's jurisdiction over "statutory and constitutional challenges to post-removal-period detention." *See Zadvydas*, 533 U.S. at 688.

Moving to the merits of the Petition, however, the Court agrees with Respondents that it must be denied. Although Petitioner has now been detained for more than eight months, which exceeds the presumptively reasonable six-month period, that is not the only requirement for succeeding on a *Zadvydas* claim. Indeed, "to state a claim under *Zadvydas*," a noncitizen "not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). A noncitizen cannot meet that requirement if his own actions have "interrupted the running of time under *Zadvydas*," *see id.* at 1052 n.4, including by "act[ing] to prevent his removal," *see Guo Xing Song v. U.S. Att'y Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013); *cf.* 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended . . . and the alien may remain in detention during such extended period if the alien . . . acts to prevent the alien's removal subject to an order of removal.").

Here, Respondents have presented evidence that Petitioner obstructed their attempt to remove him to Mexico on March 29. (*See* Decl. 3). Under the law of this Circuit, Petitioner's own obstructive actions, which prevented his removal, tolled the *Zadvydas* clock. *See Guo Xing Song*, 516 F. App'x at 899 ("The six-month period is tolled, however, if the alien acts to prevent his removal."); *Vaz v. Skinner*, 634 F. App'x 778, 782 (11th Cir. 2015) ("Because Petitioner is responsible for thwarting his removal, he cannot show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future if he cooperates with" ICE.). For that reason, Petitioner does "not have even" four "unencumbered month[s] of detention prior to filing

his § 2241 petition, let alone the requisite six months." *See Akinwale*, 287 F.3d at 1052 n.4.

In sum, either because Petitioner's *Zadvydas* claim is premature as a result of his refusal to cooperate during Respondents' attempt to remove him to Mexico in March 2026, *see id.*, or because the removal period must be extended to account for Petitioner's actions preventing his removal, *see* § 1231(a)(1)(C), Petitioner has not shown that his current detention is unlawful. *See, e.g.*, *Lambert v. Garland*, No. 22-23976-CIV, 2023 WL 2016841, at *3 (S.D. Fla. Feb. 15, 2023) (finding that a petitioner "can't use his own recalcitrance to argue that his time in custody has been unreasonably extended" and denying § 2241 petition). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The emergency designation of the Motion to Correct the Record and Advise the Court of Petitioner's Current Place of Detention, [ECF No. 16], is **STRICKEN**. *See* S.D. Fla. L.R. 7.1(d)(1).
2. The Motion to Correct the Record and Advise the Court of Petitioner's Current Place of Detention, [ECF No. 16], is **GRANTED**.
3. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [ECF No. 1], is **DENIED**.
4. The Clerk is directed to mail a copy of this Order to Petitioner.
5. This case is **CLOSED.**

**DONE AND ORDERED** in Miami, Florida, this 9 day of July, 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Petitioner, *pro se*